Argued December 12, 1929; affirmed January 28; rehearing denied April 15; costs taxed April 22, 1930

MACLEAY ESTATE CO. *v.* GOLD BEACH PACKING CO. ET AL.

(284 P. 200)

*L. A. Liljeqvist* of Marshfield and *J. C. Johnson* of Gold Beach (T. T. Bennett of Marshfield on brief) for appellant.

*Marvin K. Holland* of Portland (Collier H. Buffington of Gold Beach on brief) for respondents.

RAND, J. This is a suit to restrain the defendants from maintaining a wharf on lands alleged to belong to plaintiff. From a decree in favor of defendants, plaintiff has appealed. The complaint was predicated upon the allegation that plaintiff was the owner of the land on which the wharf is constructed, but in *Macleay Estate Company v. Curry County,* 127 Or. 356 (272 P. 263), which suit involved the question of whether the Port Orford-Ellensburg road was a duly laid out and established county road, it was decreed to be a county road and it was held in that case that the road extended to the waters of Rogue river. Plaintiff now concedes that the wharf is constructed wholly within the exterior boundaries of that roadway, but it now contends that, because of its ownership of the land on each side of and abutting the road at the place where the wharf is located, it sustains a special damage by reason of the maintenance of the wharf not shared in common by the public which entitles it to maintain this suit and to have the wharf removed from the roadway.

The evidence shows that the road in question crosses Rogue river at what is known as Witness Rock and that the landing between Witness Rock and the navigable waters of the stream has been traveled by the public for a period of time beyond which the earliest recollection of the oldest witnesses in the case extends. At that point Rogue river is a tidal river about one-half mile in width. Up to 1916 a public ferry was operated across Rogue river at Witness Rock and at this particular landing, but that service was then discontinued and another ferry has since been operated at a point about five miles above. Since that time, however, this landing place has been used by the public generally up to the present time as a landing place for boats and

for the interchange of traffic between the landing and the navigable waters of Rogue river. The abutting lands of plaintiff are tide lands lying between the ordinary high water mark and low water mark of the river and are submerged and uncovered by the tides. The wharf is on the edge of the road and is about 12 feet in width, 14 feet in height, and 80 feet in length, and extends from the navigable water to the high water mark of the river. It is constructed of piling, three piling to the bent, bents 20 feet apart with caps, stringers and flooring placed thereon. The defendant corporation owns and operates a salmon cannery constructed upon its own lands and the wharf extends from a platform attached to said cannery to the navigable waters. The wharf was constructed by the defendant corporation under the direction of the county court of Curry county and under an agreement that the expense of its construction should be borne by the defendant corporation and that when the wharf was constructed it should belong to the county and be a public wharf, and that the public should have the right to the full and free use thereof without let or hindrance from anyone. The defendant corporation makes use of the wharf for its own private business, but under the whole evidence in the case it has no greater advantages or privileges therein than any other member of the public desiring to use the wharf. The road where the wharf is constructed is 60 feet in width which leaves, in addition to the part occupied by the wharf and which is used by the public, an unobstructed roadway 48 feet in width, leading to the water. This is the only roadway extending to the navigable waters of Rogue river from the south side of the river for a distance of more than five miles from the mouth of the river and is the only place

where the people of Gold Beach and that vicinity can obtain access to the navigable waters of the river for a distance of five miles without trespassing upon the tide lands of plaintiff which extend for more than five miles up the river on both sides thereof.

Rogue river, at the point in question, is a navigable stream, open to commercial fishing and, because of its fisheries, of great commercial importance. Plaintiff and defendant both operate salmon canneries, obtaining their supply from Rogue river. There are numerous persons living at Gold Beach and in that vicinity engaged in fishing on Rogue river. Their only access to the water is by way of the road and landing place in question. They use the wharf for unloading fish and as a place to moor their boats when not in use. A small ocean-going vessel also uses the wharf for receiving, unloading and discharging passengers and freight. It is also used as a landing place by the public generally. The wharf does not interfere with the use of the highway, nor does it impede or obstruct navigation. It is open and free for use by all members of the public alike.

Under these facts, plaintiff contends, (1) that a landing place can not be acquired by prescription, (2). that the county court possesses no authority to lay out any part of a county road for public use as a landing place on the bank of a navigable stream. To pass upon these questions is beyond the power of the court in this suit for the reason that Curry county is not a party to the suit. In respect to the rights of Curry county, a decree passing upon the questions raised would be *res inter alios acta*. When it appeared from the whole evidence in the case that the wharf complained of was a public wharf belonging to the county and located upon a county road, plaintiff could have moved the court for

an order directing the county to be made a party to the suit. If the proper parties were before the court, the questions now raised could be determined. The rights of the public to a public wharf can not be determined in a suit between private persons where neither the county nor the public is represented.

For these reasons the decree of the lower court must be affirmed.

COSHOW, C. J., BEAN and ROSSMAN, JJ., concur.